## Case No. 16,435.

### UNITED STATES v. TA-WAN-GA-CA.

[Hempst. 304.] [1]

District Court, D. Arkansas. Nov., 1836.

COURTS — TERRITORIAL JURISDICTION — CRIMES IN INDIAN COUNTRY.

1. Congress specifically defined the boundaries of the state of Arkansas, and by giving the

district court thereof such powers only as were conferred on the district court of Kentucky by the judicial act of 1789 [1 Stat. 73], necessarily excluded jurisdiction beyond the boundaries of the state of Arkansas; and, therefore, a crime committed in the Indian country west of Arkansas, is not triable in the district court.

[Cited in Ex parte Crow Dog, 3 Sup. Ct. 396, 109 U. S. 560.]

2. A person indicted for murder in the late superior court, and not tried, cannot be committed nor tried in the district court on that charge, the latter not being the successor of the former, and the business of the superior court not having been continued over to the district court by act of congress.

3. The courts of the United States are of limited, though not inferior jurisdiction, and cannot exercise any jurisdiction which is not expressly or by necessary implication conferred by law.

[This was an indictment against Ta-wan-ga-ca, or Town-Maker, an Osage Indian, for murder.]

Chester Ashley, U. S. Dist. Atty. pro tem.

William Cummins and Samuel S. Hall, for prisoner.

OPINION OF THE COURT. The prisoner was indicted for murder at a term of the superior court of the late territory of Arkansas. That court was competent to try him for the crime, as a law of the United States had conferred upon it jurisdiction of capital crimes committed in that part of the Indian country west of Arkansas. The superior court of the territory ceased to exist, and no trial in this case was had. The district attorney pro tempore now moves the court to commit the prisoner to jail, and produces, as evidence of the commission of the crime sufficient to authorize the committal asked for, the original indictment found against the prisoner in the superior court of the territory.

The first question which arises is, whether this court has jurisdiction of the offence. The act of congress, establishing the Arkansas district court, gives it "the same powers that by law are given to the Kentucky district court by an act establishing the judical courts of the United States." The act referred to was passed in 1789 (1 Story's Laws, 53 [1 Stat. 73]), and gave to the Kentucky district court no power to hear, try, or determine any matter arising beyond the limits of the state of Kentucky. All the laws giving to the circuit and district courts of the United States jurisdiction of crimes committed in the Indian country, have been passed subsequent to 1789. The courts of the United States are courts of limited, though not of inferior jurisdiction ([M'Cormick v. Sullivant] 10 Wheat. [23 U. S.] 192), and they can take no jurisdiction and possess no powers, except such as are expressly given by acts of congress, or are necessarily implied therefrom. The law establishing this court refers expressly to the law of 1789, and gives to this court all the powers which by that law were given

the Kentucky court. This court, in defining its own powers and limiting its own jurisdiction, has no other guide than the law of 1789. Congress has conferred upon it no other powers, and a jurisdiction no more extended, than by that act were given to the Kentucky court. The special grant of particular powers in this case excludes the possibility of assuming any powers not expressly granted. This court cannot assume to itself any of the powers, or clothe itself with any of the jurisdiction, granted to the Kentucky court by law subsequent to the act of 1789.

Congress has specifically defined the boundaries of the state of Arkansas, and by giving to this court only the powers given to the Kentucky district court by the act of 1789, it has given this court no jurisdiction beyond those boundaries. Several laws were passed subsequent to 1789, giving the different United States courts jurisdiction over crimes committed in the Indian country. The provisions of none of these laws are declared by congress to apply to this court. It is referred solely to the law of 1789, and the possibility of taking jurisdiction by virtue of any subsequent law is absolutely excluded.

Nor is this court the successor of the superior court of the territory. That court has ceased to exist. This is a new court, established by a special law, and having specific and limited powers. Congress has neglected even to continue over to this court the business of the United States pending in the late superior court. They have not day, nor are they triable here. This court neither succeeds to the business nor to the powers of that. The powers of that court were far more extensive than of this; and much as this court may regret that it has not the power, still it is clear in the opinion that it can claim no jurisdiction beyond the limits of the state. Upon this ground, the prisoner will be discharged. Ordered accordingly.